**Margaret SOPP, Appellant,**

v.

**UNITED STATES of America.**

**No. 15816.**

United States Court of Appeals Third Circuit.

Argued Sept. 29, 1966.

Decided Oct. 12, 1966.

Rehearing Denied Dec. 8, 1967.

George W. Schroeck, Erie, Pa., for appellant.

Harvey L. Zuckman, Appellate Section, Civil Division, Dept. of Justice, Washington, D. C. (John W. Douglas, Asst. Atty. Gen., Gustave Diamond, U. S. Atty., David L. Rose, Atty., Dept. of Justice, Washington, D. C., on the brief), for appellee.

Before HASTIE, SMITH and SEITZ, Circuit Judges.

PER CURIAM:

In this action under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), the plaintiff has appealed from an order granting a motion of the United States for summary judgment.

From the complaint and an uncontroverted affidavit filed in support of the motion for summary judgment, it clearly appears that all of the harm of which the plaintiff has complained resulted from her arrest on an ill-founded charge that she was the writer of certain obscene communications soliciting the commission of sodomy. It also appears that the obscene communications had been

sent through the mail and were investigated by a United States postal inspector in the course of his duties. This inspector also obtained specimens of the plaintiff's handwriting and subsequently surrendered them together with the obscene matter to local authorities who, in turn, had the plaintiff arrested and prosecuted for the solicitation of sodomy in violation of state law. It was later determined that a person other than the plaintiff was the wrongdoer.

In authorizing suits against the United States for injury caused by the negligent or wrongful conduct of government employees acting within the scope of their duties, Congress has expressly precluded suits against the government on any "claim arising out of * * * false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit * * *." 28 U.S.C. § 2680(h). The district court concluded that this was such an action. We agree. Cf. Blitz v. Boog, 2d Cir., 1964, 328 F.2d 596; Tinkoff v. United States, 7th Cir., 1954, 211 F.2d 890.

The judgment will be affirmed.