**Ravi NATHAN, Plaintiff–Appellant,**

**v.**

**BOEING COMPANY, A Delaware Corporation, Defendant– Appellee.**

**No. 95–36298.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 1997.

Submission Withdrawn April 28, 1997.

Resubmitted June 13, 1997.

Decided June 24, 1997.

As Amended on Denial of Rehearing and Suggestion for Rehearing En Banc Aug. 27, 1997.

---

Andrew F. Fuller, Seattle, WA, for plaintiff-appellant.

Jeffrey Hollingsworth and John Deery–Schmitt, Perkins Coie, Seattle, WA, for defendant-appellee.

Before: WRIGHT, WALLACE and HAWKINS, Circuit Judges.

WALLACE, Circuit Judge:

Ravi Nathan appeals from a judgment following a jury verdict, requesting reversal primarily because of the district court's refusal to remove two prospective jurors for cause because both were employed by the defendant Boeing Company (Boeing). The district court had jurisdiction under 28 U.S.C. § 1367. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291, and we affirm.

## I

During voir dire in his trial for his state law retaliatory discharge claim, Nathan learned that two of the members of the prospective jury panel worked for Boeing: one as a computer aided drafter, the other as a computer software developer. Nathan argued that Washington law required the district court to remove them for cause. The district court rejected that argument and permitted the two Boeing employees to remain. Nathan then used a peremptory challenge to remove one of the Boeing employees, but the other employee remained. The empaneled eight-person jury, which included the Boeing employee, eventually found in favor of Boeing on Nathan's retaliation claim. At oral argument before this court, Boeing conceded that if Washington law defines cause, the district court erred in not removing both Boeing employees from the panel. We must first determine if Washington law applies in this case.

## II

Federal courts apply the principles of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), to pendent state law claims. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1478 (9th Cir.1995) (*Mangold*). This case requires us to decide whether state law or a section of the United States Code applies. We review the district court's decision regarding this question de novo. *Mangold*, 67 F.3d at 1478. In an analogous case, *Stewart Organization v. Ricoh Corp.*, 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (*Stewart Organization*), the United States Supreme Court outlined the proper analysis. There, the Court had to decide "whether a federal court sitting in diversity should apply state or federal law in adjudicating a motion to transfer a case to a venue provided in a contractual forum-selection clause." *Id.* at 24, 108 S.Ct. at 2240–41.

As the Court stated, the "decision whether to apply a federal statute [instead of state law] involves a considerably less intricate analysis than that which governs the 'relatively unguided *Erie* choice.'" *Id.* at 26, 108 S.Ct. at 2242, *quoting Hanna v. Plumer*, 380 U.S. 460, 471, 85 S.Ct. 1136, 1144, 14 L.Ed.2d 8 (1965) (*Hanna*). "[W]hen the federal law sought to be applied is a congressional statute, the first and chief question for the district court's determination is whether the statute is 'sufficiently broad to control the issue before the Court.'" *Id.* at 26, 108 S.Ct. at 2242 (citations omitted). In other words, we apply federal law when it is "sufficiently broad to cover the point in dispute. It would make no sense for the supremacy of federal law to wane precisely because there is no state law directly on point." *Id.* at 26 n. 4, 108 S.Ct. at 2242 n. 4 (citations omitted).

The federal law at issue in this case, 28 U.S.C. § 1870, states in part: "All challenges for cause or favor, whether to the array or

panel or to individual jurors, shall be determined by the court." Although section 1870 does not explicitly define cause, it does dictate that the district court determines when cause exists. In *Stewart Organization*, the Court held that 28 U.S.C. § 1404(a), which gives the district court discretion to change the venue of an action, controlled because Alabama's per se ban on venue changes "would impoverish the flexible and multifaceted analysis that Congress intended to govern motions to transfer within the federal system." *Stewart Organization*, 487 U.S. at 31, 108 S.Ct. at 2245. In this case, Washington law categorically prevents employees from serving on a civil jury involving their employer. Like the Alabama law in *Stewart Organization*, the Washington law's per se approach "would impoverish the flexible and multifaceted analysis that Congress intended" for district courts to exercise in evaluating challenges for cause. Since *Stewart Organization* suggests that we interpret federal law broadly when deciding if it conflicts with state law in an *Erie* situation (i.e., whether it is "sufficiently broad to cover the point in dispute"), "[t]his is thus not a case in which state and federal rules 'can exist side by side ... each controlling its own intended sphere of coverage without conflict.'" *Id., quoting Walker v. Armco Steel Corp.*, 446 U.S. 740, 752, 100 S.Ct. 1978, 1986, 64 L.Ed.2d 659 (1980).

█ Next, "[i]f the district court determines that a federal statute covers the point in dispute, it proceeds to inquire whether the statute represents a valid exercise of Congress' authority under the Constitution." *Id.* at 27, 108 S.Ct. at 2242. The Court in *Burlington Northern R.R. Co. v. Woods*, 480 U.S. 1, 107 S.Ct. 967, 94 L.Ed.2d 1 (1987), clarified this test: "Rules regulating matters indisputably procedural are *a priori* constitutional. Rules regulating matters 'which, though falling within the uncertain area between substance and procedure, are rationally capable of classification as either,' also satisfy this constitutional standard." *Id.* at 5, 107 S.Ct. at 970, *quoting Hanna*, 380 U.S. at 472, 85 S.Ct. at 1144.

█ We deal here with procedure. Section 1870 appears in "Part V. Procedure" of

Title 28 of the United States Code. More importantly, it governs the procedure by which a district court conducts challenges for cause: it leaves the decision, as well as the process, to the district court's discretion. Since section 1870 is "rationally capable of classification as" procedural, we hold that it, and not state law, controls a federal district court's evaluation of a challenge for cause in a diversity case. *Cf. Mayer v. Gary Partners & Co.*, 29 F.3d 330, 333 (7th Cir.1994) ("[W]ho decides an issue is a procedural question. Whether the trier of fact is a jury, a judge, or a magistrate judge ... is a subject for the forum's own law.") (citations omitted).

## III

█ Since section 1870 controls challenges for cause, we now turn to federal law to review the district court's refusal to remove the two Boeing employees from the panel. We review for an abuse of discretion the district court's rulings on cause. *Hard v. Burlington Northern R.R. Co.*, 870 F.2d 1454, 1460 (9th Cir.1989).

Nathan asserts that under Ninth Circuit law, "a juror who is an employee of a party and thus has a pecuniary interest in a civil case is absolutely disqualified to serve," and cites *United States v. Allsup*, 566 F.2d 68 (9th Cir.1977), for support. In *Allsup*, we held that employees of a bank that was robbed, but worked for a different branch, could not serve on the jury even though they proclaimed their impartiality because "[t]he potential for bias on the part of a prospective juror who is employed by the bank, a branch of which is alleged to have been robbed by the defendant, is very great." *Id.* at 71 n. 1. We then clarified our holding:

On the other hand, potential bias is extremely attenuated, or non-existent, when the only connection between the victim and the prospective juror is that of employee and employer in a setting in which the employee is working in an area substantially removed from a threat of the crime charged, and, particularly when the crime itself does not involve any apprehension of violence.

*Id.* Thus, we actually held that "[t]he employment relationship *coupled with a reasonable apprehension of violence by bank robbers* leads us to believe that bias of those who work for the bank robbed should be presumed." *Id.* at 71–72 (emphasis added). There is no "reasonable apprehension of violence" in this case. While Nathan contends that the two Boeing jurors would be afraid of Boeing's "retaliatory" practices toward its employees who decide against it, this alleged fear does not approach the "bank robber" apprehension of *Allsup.* This reading of *Allsup* squares with our case law. *See Tinsley v. Borg,* 895 F.2d 520, 529 (9th Cir.1990) ("Th[e] combination [in *Allsup* of employee status and the reasonable apprehension of violence] added up to presumed bias."), *cert. denied,* 498 U.S. 1091, 111 S.Ct. 974, 112 L.Ed.2d 1059 (1991); *United States v. Clabaugh,* 589 F.2d 1019, 1023 n. 3 (9th Cir.1979) ("Bias [in *Allsup* ] was inferred, despite the jurors' untested claim of impartiality, because their employment subjected them to the same threat of violence.").

█ Since there is no per se rule requiring removal in federal court, we must determine if the district court abused its discretion in refusing to remove the Boeing employees for cause. The district court asked the Boeing employees about their impartiality, and they repeatedly said that they could decide the case fairly. The employees then told Nathan that they did not fear retaliation by Boeing. At a conference out of prospective jurors' hearing, the district judge said that the Boeing employees "presumably own stock. Nobody asked that question." Nathan asserts that this statement by the district court constitutes judicial notice of the employees' stock ownership.

Nathan's argument fails. While Federal Rule of Evidence § 201(c) permits a court to take judicial notice sua sponte, section 201(e) states that "[a] party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed." Section 201(e), of course, assumes that the court *announces* that it is taking judicial notice of a fact. Here, the court never said that it took judi-

cial notice of the jurors' stock ownership. Rather, it was chastising Nathan for not asking such an obvious question. Nathan should have asked the Boeing employees if they owned stock in Boeing, and we will not presume on his behalf that they did.

█ When a juror is an employee of a party, the district court (and this court on appeal) should examine the juror closely to determine if any bias exists. The district court did this, and gave Nathan the opportunity to do so as well. Nothing in the record indicates that the Boeing employees could not render impartial verdicts. Since we do not have a per se rule against employees serving as jurors in a case involving their employer, we hold that the district court did not abuse its discretion in permitting the two Boeing employees to remain on the panel.

An unpublished disposition addresses the remainder of Nathan's claims.

AFFIRMED.