Francis J. BARNETT, M.D., a single person, Plaintiff—Appellee,

v.

CIGNA HEALTH PLAN OF ARIZONA, an Arizona corporation, Defendant—Appellant.

No. 02–16460.

D.C. No. CV–01–01429–EHC.

United States Court of Appeals, Ninth Circuit.

Submitted June 11, 2003.*

Decided July 25, 2003.

Before HILL,** T.G. NELSON, and HAWKINS, Circuit Judges.

MEMORANDUM ***

Cigna Healthcare of Arizona ("Cigna")[1] appeals the district court's order denying its motion to compel arbitration of an employment dispute brought by Dr. Francis J. Barnett. Because the facts are known to the parties, we do not recite them here. We have jurisdiction pursuant to 9 U.S.C. § 16(a)(1).[2] We affirm the district court.

The district court properly denied Cigna's motion because the arbitration provisions contained in Cigna's employee handbook were never incorporated into the employment contract between Cigna and Dr. Barnett. The contract provided that the parties' agreement "may not be modified or amended other than by an agree-

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable James C. Hill, United States Circuit Judge for the Eleventh Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Cigna was erroneously sued as "Cigna Health Plan of Arizona."

2. *Ferguson v. Countrywide Credit Indus., Inc.,* 298 F.3d 778, 782 n. 4 (9th Cir.2002) ("The denial of a petition to compel arbitration is immediately appealable under 9 U.S.C. § 16(a)(1)(B).").

ment in writing signed by the parties." Thus, Cigna contracted away any power it may have had to unilaterally alter its employment agreement with Dr. Barnett.[3] Dr. Barnett's acknowledgment that he *received* and *reviewed* the handbook does not constitute "an agreement in writing signed by the parties" sufficient to modify the contract.[4] Cigna points to no evidence in the record of a writing, signed by Dr. Barnett and Cigna, in which Dr. Barnett *accepts* the arbitration provisions proposed in the employee handbook.[5] Because the original contract did not provide for arbitration of employment disputes and Cigna did not comply with the contract's specified method for modification, the arbitration provisions never became part of the contract between Cigna and Dr. Barnett.

Cigna places great reliance upon the fact that the contract provided that "[e]ither party may terminate this Agreement at any time upon not less than one-hundred twenty (120) days['] prior written notice to the other." Cigna's reliance is misplaced. The fact that Cigna (or Dr. Barnett) could terminate the agreement, with the requisite notice, at any time does not entitle Cigna to modify the contract without complying with its provisions.[6] Dr. Barnett had a contract right to the method of modification specified in the parties' contract. This right is unaffected by the fact that either party may terminate the agreement after providing appropriate notice.[7]

Similarly, Cigna's reliance upon the "employment policies" provision in the contract is misplaced. That provision provides that Dr. Barnett "agrees to abide by [Cigna's] policies and procedures relating to compensation and fringe benefits, ethics, performance standards, patient griev-

3. *Compare Demasse v. ITT Corp.*, 194 Ariz. 500, 984 P.2d 1138, 1142–43 (1999) (stating that complete at-will employment contracts are unilateral, begin with an employer's offer, are created by subsequent performance, and can be modified with a new offer and continued performance), *with id.* at 1144 ("Once an employment contract is formed–whether the method of formation was unilateral, bilateral, express, or implied–a party may no longer unilaterally modify the terms of that relationship.").

4. *Id.* at 1144 (stating that effective modification requires an offer, acceptance of that offer, and consideration); *id.* at 1146 (stating that a similar acknowledgment was insufficient to show acceptance of a modification to an implied-in-fact contract). Thus, Cigna's reliance upon *Valdiviezo v. Phelps Dodge Hidalgo Smelter, Inc.*, 995 F.Supp. 1060, 1067–68 (D.Ariz.1997), is misplaced. Even if the acknowledgment in *Valdiviezo* was similar to that in this case, *Valdiviezo* does not address the question of whether an acknowledgment form is sufficient when the parties have a contract that allows modification only by a written agreement.

5. *See Demasse*, 987 P.2d at 1146 (stating that "[t]he burden is on the employer to show that the employee assented with knowledge of the attempted modification and understanding of its impact on the underlying contract"); *id.* at 1144 (stating, in the case of an implied-in-fact contract, that the employee handbook constituted "no more than an offer to modify the existing contract").

6. *See Shattuck v. Precision–Toyota, Inc.*, 115 Ariz. 586, 566 P.2d 1332, 1334 (1977) (stating that contract provisions must be read together and that the court must give effect to unambiguous and consistent provisions); *Norman v. Recreation Centers of Sun City, Inc.*, 156 Ariz. 425, 752 P.2d 514, 516–17 (Ct.App.1988) ("We construe a contract so as to give effect to all of its provisions [and, a]s a corollary, we do not construe one provision in a contract so as to render another provision meaningless.") (internal citation omitted).

7. *Cf. Norman*, 752 P.2d at 517 (interpreting contract that had a three-year term provision and a termination at any time by either party provision to give effect to both provisions: the contract provided for a maximum three-year term, but allowed either party to terminate at any time).

ances, tenure, and other similar subject matters as in effect from time to time and subject to change at any time."

First, by its own terms and read in the context of the entire agreement,[8] the provision does not apply to a requirement of mandatory arbitration. Mandatory arbitration is not a "similar subject matter" to things like performance standards and tenure. Further, according to the employee handbook, mandatory arbitration is not merely an employment "polic[y or] procedure[ ]," but rather a purported "term and condition" of employment.

Second, to read the provision as Cigna suggests would allow Cigna to eviscerate its agreement with Dr. Barnett and substitute a new agreement, in contravention of the express modification provision discussed above.[9]

Third, the parties' own previous practice confirms our reading of the provision.[10] They modified their contract once, using the modification method specified in the original contract.

Cigna had two options: (1) it could have modified the contract in accordance with the contract's terms, by reaching an agreement in writing with Dr. Barnett, or (2) it could have terminated Dr. Barnett's employment. It did neither. Thus, because we conclude that the arbitration provisions in the employee handbook were never incorporated into the employment contract, we affirm the district court.

AFFIRMED.

---

8.   See *Shattuck,* 566 P.2d at 1334.

9.   See *id.* (stating that lower court erred in interpreting the contract in a manner which rendered the promises of one party illusory); *Norman,* 752 P.2d at 516–17.

10.   See *Southwest Lumber Mills v. Employment Sec. Comm'n,* 66 Ariz. 1, 182 P.2d 83, 88 (1947) (using practice of parties to confirm interpretation of contract).