**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

BARBARA SNOW-ERLIN, as
representative of the Estate of
Darrow K. Erlin,
    *Plaintiff-Appellant,*

   v.

UNITED STATES OF AMERICA,
    *Defendant-Appellee.*

No. 05-16790

D.C. No.
CV-99-04050-VRW

ORDER
AMENDING
OPINION AND
AMENDED
OPINION

Appeal from the United States District Court
for the Northern District of California
Vaughn R. Walker, District Judge, Presiding

Argued and Submitted
October 16, 2006—San Francisco, California

Filed November 14, 2006
Amended December 6, 2006

Before: Susan P. Graber, M. Margaret McKeown, and
Richard C. Tallman, Circuit Judges.

Opinion by Judge Graber

19179

## COUNSEL

Carter C. White, Supervising Attorney, and Sean Strauss, Certified Law Student, King Hall Civil Rights Clinic, U.C. Davis School of Law, Davis, California, for the plaintiff-appellant.

Claire T. Cormier, Assistant United States Attorney, San Jose, California, for the defendant-appellee.

## ORDER

The opinion filed on November 14, 2006, is amended as follows:

On slip opinion page 18546, line 2 from the bottom, insert "as we said of another tort," after "Plaintiff has no claim—"

On slip opinion page 18546, footnote 1, line 7, delete "of" after "question".

Petitions for rehearing or petitions for rehearing en banc will remain due 45 days from the November 14, 2006, filed date of the opinion.

---

## OPINION

GRABER, Circuit Judge:

Plaintiff Barbara Snow-Erlin sued the United States under the Federal Tort Claims Act ("FTCA") for damages resulting from an allegedly negligent miscalculation of her late husband's release date from parole. The district court dismissed the action for lack of subject matter jurisdiction, holding that the negligence claim amounted to a claim for false imprisonment, which is barred by 28 U.S.C. § 2680(h). We affirm.

### FACTUAL AND PROCEDURAL HISTORY

The relevant facts are not disputed. In 1984, Darrow Erlin was convicted of conspiracy to manufacture and attempt to manufacture methaqualone, and the District Court for the District of Nevada sentenced him to three years' imprisonment, two-and-one-half years of it suspended, plus five years' probation. In 1988, Erlin was convicted of possessing cocaine with intent to distribute, and the District Court for the Northern District of California sentenced him to 10 years' imprisonment, plus eight years of supervised release. Because of the 1988 conviction, the Nevada court reinstated Erlin's three-year methaqualone sentence, and the Bureau of Prisons properly determined his release date by aggregating the two sentences into a 13-year term of imprisonment. In 1995, Erlin was released from prison. In 1996, he was arrested for driving under the influence of alcohol. As a result of the 1996 arrest

and his failure to report it to his parole officer, the court in the Northern District of California revoked Erlin's supervised release for his cocaine conviction and sentenced him to six months' imprisonment. In addition, the Parole Commission revoked Erlin's parole and sentenced him to 20 additional months of imprisonment.

In 1997, Erlin successfully challenged the jurisdiction of the Parole Commission in a habeas petition filed in the Northern District of California. That court ruled that the period of parole should have been limited to the three-year methaqualone sentence, not the aggregated 13-year term of imprisonment, because the Sentencing Reform Act of 1984 rendered the cocaine sentence non-parolable. Therefore, the court concluded, Erlin's parole had expired by the time of his 1996 arrest, and the Parole Commission had no jurisdiction to impose any additional term of imprisonment. The United States did not appeal that decision. The Bureau of Prisons released Erlin.

In 1999, Erlin filed suit against the United States "for personal injury resulting from the negligent incarceration of plaintiff by the government's employees." The complaint alleged that Erlin "spent three hundred-eleven (311) days in Federal custody, from December 28, 1996 to November 7, 1997, in violation of his rights pursuant to the negligent acts and omissions of the defendant." Thus, "Defendants were negligent and breached their duty to plaintiff by negligently and wrongfully seizing and incarcerating him. Defendants erroneously determined plaintiff's parole expiration date and failed to use due care by keeping plaintiff in custody where there existed no lawful justification for detaining plaintiff against his will."

In 2002, Erlin died. His widow, Barbara Snow-Erlin, pursues the claim on his estate's behalf.

This case is before us for the second time. Previously, we reversed the district court's dismissal of the action on statute-

of-limitations grounds. We held that a cause of action for mis-calculating a release date does not accrue until a prisoner establishes that he is legally entitled to release from custody. *Erlin v. United States*, 364 F.3d 1127, 1133 (9th Cir. 2004). On remand, the district court dismissed the action for lack of subject matter jurisdiction, holding that the claim is, in essence, one for false imprisonment and thus is barred by 28 U.S.C. § 2680(h). Plaintiff timely appeals.

## STANDARD OF REVIEW

We review de novo a district court's compliance with our mandate. *United States v. Kellington*, 217 F.3d 1084, 1092 (9th Cir. 2000). We also review de novo a district court's order dismissing a case for lack of subject matter jurisdiction. *Hacienda Valley Mobile Estates v. City of Morgan Hill*, 353 F.3d 651, 654 (9th Cir. 2003).

## DISCUSSION

A.  *The district court did not run afoul of the "law of the case" doctrine.*

Plaintiff first asserts that our earlier opinion in this case, *Erlin*, 364 F.3d 1127, already decided that the claim sounds in negligence. From that premise, Plaintiff argues that the law of the case doctrine forbade the district court on remand from examining the nature of the claim and characterizing it as one for false imprisonment. We disagree; Plaintiff construes our prior opinion too broadly.

**[1]** "Law of the case is a jurisprudential doctrine under which an appellate court does not reconsider matters resolved on a prior appeal." *Jeffries v. Wood*, 114 F.3d 1484, 1488-89 (9th Cir. 1997) (en banc), *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997). For the sake of efficiency and consistency, a " 'decision of an appellate court on a legal issue must be followed in all subsequent proceedings

in the same case.' " *Id.* at 1489 (quoting *Caldwell v. Rainbow Magazine, Inc. (In re Rainbow Magazine, Inc.)*, 77 F.3d 278, 281 (9th Cir. 1996)). Of course, for the law of the case doctrine to apply, we must actually have decided the matter, explicitly or by necessary implication, in our previous disposition. *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 715 (9th Cir. 1990). " '[O]n remand, courts are often confronted with issues that were never considered by the remanding court.' In such cases, 'broadly speaking, mandates require respect for what the higher court decided, not for what it did not decide.' " *Kellington*, 217 F.3d at 1093 (quoting *Biggins v. Hazen Paper Co.*, 111 F.3d 205, 209 (1st Cir. 1997)).

**[2]** Here, our prior decision dealt solely with the issue of accrual of a cause of action. The opening paragraph of the opinion delineates its scope: "This is a statute of limitations case. The issue is when a cause of action accrued for purposes of the statute of limitations under the Federal Tort Claims Act." *Erlin*, 364 F.3d at 1129. We observed that Plaintiff's claim "is not for false imprisonment. It is for negligence." *Id.* at 1133. But that passage was a "description[ ] rather than [a] disposition[ ] of [Plaintiff's] claim[ ]." *Rebel Oil Co. v. Atl. Richfield Co.*, 146 F.3d 1088, 1094 (9th Cir. 1998). We took the claim *as alleged* on the face of the complaint in order to determine the applicability of *Heck v. Humphrey*, 512 U.S. 477 (1994), and in order to decide solely the underlying statute of limitations question.

**[3]** The issue of jurisdiction under the FTCA was not before us at that time. The district court's opinion did not decide the issue, nor did the parties' briefs to this court raise it. "[A court] is not bound by a prior exercise of jurisdiction in a case where it was not questioned and it was passed *sub silentio*." *United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 38 (1952); *Bassiri v. Xerox Corp.*, 463 F.3d 927, 933 n.3 (9th Cir. 2006).

**[4]** We thus hold that the district court did not run afoul of the "law of the case" doctrine when it examined subject matter jurisdiction under the FTCA.

B.   *The district court correctly held that it lacks subject matter jurisdiction.*

Plaintiff argues that the action may go forward under the FTCA because the complaint alleges negligence. Again, we disagree.

**[5]** The FTCA waives the United States' sovereign immunity for certain torts, 28 U.S.C. §§ 1346(b)(1), 2674, but the statute excepts "[a]ny claim arising out of . . . false imprisonment" from its waiver of immunity, *id.* § 2680(h). Whether a claim for negligent miscalculation of a release date arises out of false imprisonment for purposes of the FTCA is a question of first impression for this court and, so far as we can determine, for any federal appellate court.

**[6]** Although Plaintiff couches her claim in terms of negligence, "[t]his circuit looks beyond the labels used to determine whether a proposed claim is barred [under § 2680(h)]." *Thomas-Lazear v. FBI*, 851 F.2d 1202, 1207 (9th Cir. 1988). "[W]e look beyond [the party's] characterization to the conduct on which the claim is based." *Mt. Homes, Inc. v. United States*, 912 F.2d 352, 356 (9th Cir. 1990); *see also Klein v. United States*, 268 F.2d 63, 64 (2d Cir. 1959) (per curiam) (examining the conduct behind a claim of negligence); *Sopp v. United States*, 373 F.2d 795, 796 (3d Cir. 1966) (per curiam) (same); *Gaudet v. United States*, 517 F.2d 1034, 1035 (5th Cir. 1975) (per curiam) (same); *Metz v. United States*, 788 F.2d 1528, 1534 (11th Cir. 1986) (same). If the gravamen of Plaintiff's complaint is a claim for an excluded tort under § 2680(h), then the claim is barred. *See Sheehan*, 896 F.2d at 1171 ("Regardless of the plaintiff's characterization of the cause of action, § 2680(h) bars suit for claims based on conduct which constitutes one of the excepted torts . . . ."). To

"hold otherwise would permit evasion of the substance of [§ 2680(h)'s] exclusion of liability." *Id.* Examining the substance of Plaintiff's complaint, the gravamen of the complaint is a claim for false imprisonment.

**[7]** The only harm alleged is that the United States kept Erlin imprisoned for 311 days too long.[1] Independent of that alleged false imprisonment, Plaintiff has no claim—as we said of another tort, "the Government's actions that constitute a claim for slander are essential to [Plaintiff's] claim for negligen[ce]." *Thomas-Lazear*, 851 F.2d at 1207. Plaintiff cannot sidestep the FTCA's exclusion of false imprisonment claims by suing for the damage of false imprisonment under the label of negligence. *See id.* at 1206 (disapproving "an effort to remove the damage element from an intentional tort barred by section 2680(h) and plead it separately as negligen[ce]"); *see also Sheehan*, 896 F.2d at 1173 (requiring independence from the excluded tort) (citing *Block v. Neal*, 460 U.S. 289, 296-99 (1983)).

**[8]** In summary, we hold that Plaintiff's claim arises out of false imprisonment and thus is barred by 28 U.S.C. § 2680(h).

AFFIRMED.

---

[1]At oral argument, counsel asserted that the government's negligence also resulted in a separate type of harm, to wit, extra time on parole *before* Erlin was imprisoned, during which time some of his liberties were curtailed. We decline to consider this theory because it finds no basis in the complaint as filed and is raised for the first time on appeal. *Cold Mountain v. Garber*, 375 F.3d 884, 891 (9th Cir. 2004) (citing *Bolker v. Comm'r*, 760 F.2d 1039, 1042 (9th Cir. 1985)). We leave open the question whether, under the FTCA, that theory would be viable.