**Francis J. BARNETT, M.D., a single person, Plaintiff–Appellee,**

v.

**CIGNA HEALTHCARE, an Arizona corporation, aka: CIGNA Healthplan of Arizona, Inc., Defendant–Appellant.**

No. 05–15081.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2006.

Filed Jan. 10, 2007.

by 9th Cir. R. 36–3.

James M. Jellison, Esq., Schleier Jellison & Schleier, PC, Phoenix, AZ, for Plaintiff–Appellee.

Philip L. Ross, Esq., Littler Mendelson a Professional Corporation, San Francisco, CA, R. Shawn Oller, Esq., Littler Mendelson, P.C., Phoenix, AZ, for Defendant–Appellant.

Before: T.G. NELSON, GOULD, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Cigna Health Plan of Arizona ("Cigna") dismissed Doctor Francis Barnett pursuant to a clause in the employment agreement which Cigna believed allowed it to terminate Barnett without cause with 120 days' notice. Barnett sued for breach of contract (and federal causes of action not at issue in this appeal) arguing that the employment agreement incorporated Cigna's physician tenure policy which only allowed Cigna to terminate tenured physicians for cause.[1]

The district court concluded that the contract was ambiguous, and that a reasonable fact finder could conclude that Cigna had breached the contract with Barnett. The jury found that Cigna had breached the contract. Cigna appeals, arguing that it was entitled to judgment as a matter of law, that one of the jury instructions was erroneous and that the law of the case required the district court to hold that Barnett could be fired without cause.

Whether a party was entitled to judgment as a matter of law is a question of law reviewed de novo. *Lawson v. Umatilla County,* 139 F.3d 690, 692 (9th Cir. 1998). When the district court exercises pendant jurisdiction over state claims the court applies substantive state law. *Nathan v. Boeing Co.,* 116 F.3d 422, 423 (9th Cir.1997). Under Arizona law, when a contract is "plain and unambiguous on its face" interpretation is a legal issue and a litigant may be entitled to judgment as a matter of law. *Shattuck v. Precision–Toyota, Inc.,* 115 Ariz. 586, 566 P.2d 1332, 1334 (1977). When a contract is ambiguous its interpretation is a jury question. *Pasco Industries, Inc. v. Talco Recycling, Inc.,* 195 Ariz. 50, 985 P.2d 535, 547 (1998).

■ Cigna contends that the provisions of the agreement with Barnett, including both the contract itself and the incorporated tenure provision, unambiguously allow Cigna to fire Barnett without cause. However, we agree with the district court that the provisions are ambiguous. One plausible reading of the contract is that Section 13, providing that either party may terminate the contract at any time with 120 days' notice, applies to untenured employees, but once the employee is tenured the tenure policy guarantees the employee will only be terminated for cause. So Cigna was not entitled to judgment as a matter of law, and the issue properly went to the jury.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the facts we do not discuss the details.

Cigna next argues that one of the jury instructions was wrong because it essentially required the jury to assume that Cigna could only terminate Barnett for cause. Under both Arizona and federal law, jury instructions are reviewed for abuse of discretion. *State v. Roque*, 213 Ariz. 193, 141 P.3d 368, 398 (2006); *Monroe v. City of Phoenix*, 248 F.3d 851, 857 (9th Cir.2001). We do not read Jury Instruction 17 as limiting the jury to the conclusion that Barnett could only be terminated for cause. The jury instruction was reasonable and proper, so Cigna's argument fails.

■ Finally, Cigna argues that it is the law of the case that it could terminate Barnett without cause. In *Barnett v. Cigna Health Plan of Arizona*, 72 Fed.Appx. 566 (9th Cir.2003), we held that Cigna could not compel arbitration absent a signed modification of the contract. In reaching this conclusion our prior memorandum disposition stated: "Cigna had two options: (1) it could have modified the contract in accordance with the contract's terms, by reaching an agreement in writing with Dr. Barnett, or (2) it could have terminated Dr. Barnett's employment. It did neither." *Id.* at 568.

We disagree with Cigna's claim that the earlier appeal established that Cigna could terminate Barnett without cause. An issue must have been fully considered in a prior ruling to be entitled to deference under the law of the case doctrine. *Snow–Erlin v. United States*, 470 F.3d 804, 807–08 (9th Cir.2006). In the first appeal, this court had before it only the basic contract, and did not examine the tenure agreement. The record indicates (and Cigna acknowledged at oral argument) that the tenure policy was not discussed in the earlier appeal. As our prior opinion did not fully consider the effect of the tenure policy on the contract, it is not the law of the case that Cigna could terminate Barnett without cause.

The judgment entered by the district court based on the jury verdict is **AFFIRMED**.