**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-15892 |
| Plaintiff - Appellee, | D.C. Nos. 5:04-cv-00823-RMW |
| v. | 94-cr-00003-RMW |
| PIUS AILEMEN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, Senior District Judge, Presiding

Submitted May 15, 2012[**]
San Francisco, California

Before: REINHARDT, CLIFTON, and N.R. SMITH, Circuit Judges.

Pius Ailemen appeals the district court's denial of his petition for habeas

corpus filed pursuant to 28 U.S.C. § 2255. Ailemen was convicted by a jury of

conspiracy to distribute heroin, engaging in a continuing criminal enterprise, and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

one count of distribution of heroin. Proceeding pro se, Ailemen argues that he was denied his Sixth Amendment right to effective assistance of counsel based on allegations that (a) counsel deprived him of his right to testify; (b) counsel made a promise to the jury in their opening statement that they failed to support by evidence; and (c) the hostility between defense counsel themselves and between them and the court resulted in prejudice. This court reviews de novo a district court's denial of a § 2255 motion and for clear error any factual findings made by the district court. *United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010). We affirm the denial of Ailemen's habeas petition.

During 1991 and into early 1992, Ailemen headed a large international drug conspiracy. The federal investigation that led to Ailemen's indictment and eventual conviction included various surveillance techniques, including wiretaps and an undercover agent posing as a drug trafficker. Prior to trial, Ailemen filed a motion to suppress the wiretap evidence, which was granted. Even without the suppressed wiretaps, the government levied substantial evidence against Ailemen, including the testimony of four of his couriers, the undercover agent involved in the investigation, as well as the intermediary who dealt with the government agent.

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance

2

prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Further, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of

lack of sufficient prejudice, . . . that course should be followed." *Id.* at 697.

Ailemen first argues that his counsel denied him his right to testify on his own

behalf due to their disorganization and general lack of preparation. Although this

argument is undermined by several statements made by counsel at trial that the

reason Ailemen did not testify was for fear of impeachment, even if we assume that

Ailemen was prevented from testifying by his attorneys, he has failed to show that

he could have overcome the overwhelming evidence against him. Ailemen further

argues that he received ineffective assistance of counsel based on statements made

by his attorneys during opening arguments that they then failed to support with

evidence during his trial. Again, he has failed to satisfy the prejudice prong of the

*Strickland* test. Much of the "promised" evidence was in fact presented to the jury,

and even if all of the evidence Ailemen cites would have been admitted, it would

not have overcome the substantial evidence the government introduced. Finally,

Ailemen argues that the hostility between defense counsel themselves and between

them and the court resulted in prejudice. This claim was previously rejected on

direct appeal on the basis that the overwhelming evidence against Ailemen was

fatal to the claim and that, even if his attorneys were deficient in their performance,

Ailemen suffered no prejudice. *See United States v. Ailemen*, 43 F. App'x 77, 83 (9th Cir. 2002). The panel on direct appeal did not clearly err in so holding. *See Snow-Erlin v. United States*, 470 F.3d 804, 807 (9th Cir. 2006).

Ailemen also raises two uncertified issues in his briefs pertaining to illegal wiretap evidence introduced during the grand jury proceedings: (1) an ineffective assistance of counsel claim, and (2) a direct challenge to the trial court's denial of a motion to dismiss the indictment. Under Ninth Circuit Rule 22-1(e), this Court treats Ailemen's briefing of the issue as a motion to enlarge the certificate of appealability. In order to qualify for a certificate of appealability, Ailemen must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 483 (2000). We deny Ailemen's motion to certify both of these issues as he has not shown prejudice by the actions of counsel or the trial judge, and also because the Ninth Circuit panel on direct appeal already found that presenting evidence linked to the illegal wiretap to the grand jury, even if done in error, was harmless. *Ailemen*, 43 F. App'x at *81.

**AFFIRMED.**