NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 18 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WILLIAM H. MENDENHALL,

Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

Defendant-Appellee.

No.    21-35464

D.C. No. 3:20-cv-00312-SLG

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, Chief District Judge, Presiding

Argued and Submitted August 8, 2022
Anchorage, Alaska

Before:  S.R. THOMAS, McKEOWN, and CLIFTON, Circuit Judges.

William H. Mendenhall appeals the district court's dismissal of his lawsuit

under the Federal Tort Claims Act ("FTCA"), alleging negligence and civil rights

violations.  We have jurisdiction under 28 U.S.C. § 1291.  The parties are familiar

with the facts, so we do not recount them here.

The district court properly dismissed Mendenhall's negligent handling claim

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

as a "claim arising out of assault, battery, [or] false imprisonment," 28 U.S.C. § 2680(h), even though the complaint only pleaded negligence. *See Snow-Erlin v. United States*, 470 F.3d 804, 808 (9th Cir. 2006) (courts must "look beyond the party's characterization to the conduct on which the claim is based" and to the "gravamen of Plaintiff's complaint" to determine whether the claim is barred under § 2680(h)) (citations and alterations omitted).

The district court properly dismissed Mendenhall's negligent training and supervision claim as barred by the discretionary function exception to the FTCA's waiver of sovereign immunity. *See* 28 U.S.C. § 2680(a). Mendenhall does not specify which policy or procedure he believes the defendants violated, and he only cites general policies that leave room for discretion. *See Kelly v. United States*, 241 F.3d 755, 761 (9th Cir. 2001) ("[A] general regulation or policy . . . does not remove discretion unless it specifically prescribes a course of conduct."). Employee training and supervision decisions are generally the type of discretionary judgments that the discretionary function exception was designed to protect. *See Miller v. United States*, 992 F.3d 878, 888 (9th Cir. 2021).

Mendenhall also failed to state a claim for a violation of his civil or constitutional rights. *See Morse v. N. Coast Opportunities, Inc.*, 118 F.3d 1338, 1343 (9th Cir. 1997) ("§ 1983 precludes liability in federal government actors"); *F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994) ("[T]he United States simply has not

2

rendered itself liable under [the FTCA] for constitutional tort claims.”).

The motion for oral argument, Dkt. 10, is denied as moot.

**AFFIRMED.**