NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 29 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IAN LEONARD CLARK, | No. 23-35194 |
| Plaintiff-Appellant, | D.C. No. 3:22-cv-00932-SB |
| v. | |
| NEIGHBORHOOD HEALTH CENTER; COLEMAN BRIGHT; LINDSEY SCOTT; DARLA LUNDMARK; UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted March 26, 2024[**]

Before:    TASHIMA, SILVERMAN, and KOH, Circuit Judges.

Ian Leonard Clark appeals pro se from the district court's judgment

dismissing his action alleging dental malpractice and national origin discrimination

claims under federal law.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

review de novo, *Perez v. Mortg. Elec. Reg. Sys., Inc.*, 959 F.3d 334, 337 (9th Cir. 2020) (dismissal for failure to state a claim); *Carson Harbor Village, Ltd. v. City of Carson*, 353 F.3d 824, 826 (9th Cir. 2004) (dismissal for lack of subject matter jurisdiction), and we affirm.

The district court properly dismissed Clark's malpractice claims because Clark failed to exhaust his administrative remedies as required by the Federal Tort Claims Act ("FTCA") prior to filing this action. *See* 28 U.S.C. § 2675(a) (setting forth the FTCA's administrative exhaustion requirement); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal courts lack jurisdiction to adjudicate an FTCA claim unless the claimant has first exhausted administrative remedies); *Snow-Erlin v. United States*, 470 F.3d 804, 808 (9th Cir. 2006) (explaining that to determine the applicability of the FTCA, this court "looks beyond the labels used . . . to the conduct on which the claim is based" (citations and internal quotation marks omitted)).

The district court properly dismissed Clark's discrimination claims because Clark failed to allege facts sufficient to show he was discriminated against on the basis of his national origin. *See Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994) (elements of a Title VI racial discrimination claim), *overruled on other grounds by Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir. 2001); *Stallcop v. Kaiser Found. Hosps.*, 820 F.2d 1044, 1051

2                                                                                          23-35194

(9th Cir. 1987) ("[D]erogatory ethnic statements, unless excessive and opprobrious, are insufficient to establish a case of national origin discrimination.").

We do not consider allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED**.