NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 16 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FERNANDO HERNANDEZ RICHTER, | No. 24-1290 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-05513-DGC |
| v. | |
| CHRISTOPHER ROMERO, Corrections Officer; JULIE BOWERS, Corrections Officer, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, Senior District Judge, Presiding

Argued and Submitted December 3, 2024
San Francisco, California

Before:  COLLINS, VANDYKE, and MENDOZA, Circuit Judges.

Plaintiff-Appellant Fernando Hernandez Richter ("Richter") was assaulted

by other inmates while in the custody of the Arizona Department of Corrections,

Rehabilitation, and Reentry ("ADCRR").  He brought this action under 42 U.S.C.

§ 1983 alleging, *inter alia*, that Defendants-Appellees Christopher Romero and

Julie Bowers violated the Eighth Amendment by breaching their duty as ADCRR

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

corrections officers to protect him from the assault. The jury returned a verdict in favor of Romero and Bowers, and the district court entered judgment accordingly. Richter timely appeals. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

Richter argues that the district court should have excused Juror No. 1 for cause because Juror No. 1's past and present employment gave rise to an "implied bias" under which his partiality would be "inferred as a matter of law." Specifically, Richter argues that Juror No. 1 was impliedly biased because he was previously employed for 10 years as an ADCRR corrections officer and was at the time of trial employed as a detention officer for a private company that contracted with U.S. Immigration and Customs Enforcement ("ICE"). "In contrast" to a district court's determinations concerning "*actual* juror bias," which are reviewed only "'for manifest error' or abuse of discretion," a district court's ruling as to "implied bias presents a mixed question of law and fact which is reviewable de novo." *United States v. Gonzalez*, 214 F.3d 1109, 1112 (9th Cir. 2000) (emphasis added) (citation omitted).[1]

"[W]e have implied bias in those extreme situations 'where the relationship between a prospective juror and some aspect of the litigation is such that it is highly unlikely that the average person could remain impartial in his deliberations

---

[1] Richter does not contend on appeal that the district court erred in failing to excuse Juror No. 1 on the ground of actual bias.

2

under the circumstances.'" *Fields v. Brown*, 503 F.3d 755, 770 (9th Cir. 2007) (en banc) (citation omitted). "The relevant question is whether the case presents a relationship in which the potential for substantial emotional involvement, adversely affecting impartiality, is inherent." *Gonzalez*, 214 F.3d at 1112 (simplified). "The standard is 'essentially an objective one,' under which a juror may be presumed biased even though the juror himself believes or states that he can be impartial." *Fields*, 503 F.3d at 770 (citation omitted).

"[W]e will not presume bias merely because a juror works in law enforcement or is a federal government employee." *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 804 (9th Cir. 2018) (citation omitted). Rather, "[w]e have found implied bias based on a juror's employment only where it has been accompanied by additional factors." *Id*. As the requisite "additional factors," Richter points to (1) the fact that Juror No. 1 worked for the same agency in a similar capacity as Romero and Bowers, including interaction with detainees, and then performed similar work for ICE; and (2) the potential claims or liability that Juror No. 1 could face from how he performed his acknowledged duty to protect the detainees for whom he was responsible. According to Richter, these two factors make this case like *United States v. Allsup*, 566 F.2d 68 (9th Cir. 1977), in which we held that two potential jurors who worked at different branches of the victim bank that the defendant was charged with robbing were impliedly biased

3

because the two jurors "work for the bank that has been robbed" and because, as branch employees, they would be expected to have "a reasonable apprehension of violence by bank robbers." *Id*. at 71–72. These factors, *Allsup* held, created a sufficient "potential for substantial emotional involvement" to require a finding of implied bias as a matter of law. *Id*.

Richter's analogy to *Allsup* fails, as our decision in *Nathan v. Boeing Co.*, 116 F.3d 422 (9th Cir. 1997), makes clear. In *Nathan*, we held that, in a suit against Boeing for alleged retaliatory discharge, two jurors employed by Boeing were not impliedly biased under *Allsup* because, unlike that case, the fear that allegedly should be imputed to the jurors—namely, that they, too, might be subject to retaliatory discharge if they ruled against Boeing—did not involve a "reasonable apprehension of violence." *Id*. at 425. So too here, the alleged imputed disqualifying fear—namely, that Juror No. 1 could face a similar lawsuit, founded or unfounded—does not entail a "reasonable apprehension of violence." *Id*. Moreover, the possibility that Juror No. 1 might actually face a comparable lawsuit brought by a detainee injured by another detainee due to his alleged failure to protect is more speculative and attenuated than the "well-founded" fear that bank employees may experience a bank robbery. *Tinsley v. Borg*, 895 F.2d 520, 529 (9th Cir. 1990). This case thus does not present the same inherent "potential for substantial emotional involvement, adversely affecting impartiality," as in *Allsup*.

4

*Gonzalez*, 214 F.3d at 1112 (citation omitted).

**AFFIRMED.**