**Annie M. HARRIS, Administratrix of the Estate of Vinson Preston Harris, Plaintiff,**

v.

**The UNITED STATES of America, Defendant.**

**No. C–C–87–284–P.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

Jan. 19, 1988.

W. Joseph Dozier, Jr., Dozier, Brackett, Miller, Pollard & Murphy, Charlotte, N.C., for plaintiff.

Charles E. Lyons, Asst. U.S. Atty., Charlotte, N.C., for defendant.

## MEMORANDUM OF DECISION

ROBERT D. POTTER, Chief Judge.

**THIS MATTER** is before the Court on Defendant's Motion for summary judgment. Neither party has requested a hearing on the Motion; Plaintiff has filed a brief in response. The Court, therefore, will decide the Motion on the basis of the pleadings, briefs, and other papers filed so far, without hearing.

Plaintiff filed suit under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671–2680. She alleged that Defendant is liable in damages for the death of her son, a federal prison inmate, who died when a United States Bureau of Prisons employee "wrongfully or negligently applied an elastic bandage and duct tape over substantially all of the head and the face of plaintiff's intestate, . . . ." By amendment, Plaintiff added the allegation that the employee "committed an assault and battery upon the person of plaintiff's intestate."

Defendant moves for summary judgment on the ground that the action is barred by the doctrine of sovereign immunity as embodied in 28 U.S.C. § 2680(h), which reads:

The provisions of this chapter and section 1346(b) of this title [waiving sovereign immunity] shall not apply to—

.    .    .    .    .

(h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: *Provided*, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of federal law.

Defendant urges upon the Court the narrow construction of the § 2680(h) proviso adopted by the Third Circuit in *Pooler v. United States*, 787 F.2d 868, 872 (3d Cir. 1986). Plaintiff contends that the Third Circuit's reading of the statute is untenable and contrary to the legislative history.

## DISCUSSION

In *Pooler*, the Third Circuit read the § 2680(h) proviso, commonly called the "intentional tort proviso," to waive sovereign immunity for intentional torts committed by federal law enforcement officers *only* when such torts occur during the course of a search, a seizure, or an arrest. The Court held that the complaints before it did not "state claims falling within the proviso to section 2680(h) because no federal officer is charged with a tort in the course of a search, a seizure, or an arrest." *Id.* at 872.

To reach this conclusion, the court seized upon portions of the Senate Report on the legislation which added the proviso. The Report notes that the legislation was proposed in response to the "Collinsville raids," incidents in which federal agents, acting in violation of the "no-knock" laws, forcibly entered two houses, terrorizing the inhabitants, only to discover that the

agents were at the wrong addresses. *See* S.Rep. No. 588, 93d Cong., 2d Sess. (1974), *reprinted in* 1974 U.S.Code Cong. & Admin.News 2789, 2790. While it is clear from the Senate Report that the Collinsville raids were the impetus for the legislation enacting the § 2680(h) proviso, it is equally as clear that the Report expresses the intent that the proviso not be limited to situations similar to the Collinsville incidents:

> This whole matter was brought to the attention of the Committee in the context of the Collinsville raids, where the law enforcement abuses involved Fourth Amendment constitutional torts. Therefore, the Committee amendment would submit the Government to liability whenever its agents act under color of law so as to injure the public through searches and seizures that are conducted without warrants or with warrants issued without probable cause. However, the Committee's amendment should not be viewed as limited to constitutional tort situations but would apply to any case in which a Federal law enforcement agent committed the tort while acting within the scope of his employment or under color of federal law.[1]

■ The language of the proviso itself supports a construction contrary to that taken by the Third Circuit. It would have been an easy matter for Congress to have worded the proviso "That, with regard to acts or omissions of law enforcement officers of the United States Government occurring while such officers are executing searches, seizures, or arrests...." Such wording would have clearly limited the waiver of sovereign immunity as the Third Circuit has interpreted it. But Congress did not so limit the proviso. Rather, it provided that the Government waives sovereign immunity against liability for certain intentional torts committed by any of its agents who have the authority to execute searches, seize evidence, or make arrests. There is no limitation on the particular context in which the tort is committed. The only requirements are that the act complained of constitute one of the enumerated intentional torts, and that the officer committing the act fit the definition of "investigative or law enforcement officer." Both requirements are satisfied here.[2]

Further support for the conclusion that the *Pooler* construction is in error is found in dictum appearing in *Carlson v. Green,* 446 U.S. 14, 20, 100 S.Ct. 1468, 1472, 64 L.Ed.2d 15 (1980). The issue there was whether a *Bivens*-type action[3] could be maintained against a prison official who allegedly violated a prisoner's Eighth Amendment rights in failing to provide adequate medical care. The Court noted that *Bivens*-type actions may be defeated where, inter alia, "Congress has provided an alternative remedy which it explicitly declared to be a *substitute* for recovery directly under the Constitution and viewed as equally effective." 446 U.S. at 18–19, 100 S.Ct. at 1471. Defendants/petitioners argued that the existence, under 28 U.S.C. § 2680(h), of a FTCA claim against the United States for the prison officials' actions precluded the *Bivens* action. The Court rejected this argument, stating:

> In the absence of a contrary expression from Congress, *§ 2680(h) thus contemplates that victims of the kind of intentional wrongdoing alleged in this complaint shall have an action under FTCA against the United States* as well as a *Bivens* action against the individual officials alleged to have infringed their constitutional rights.

**1.** The Third Circuit's reading of the legislative history is not wholly untenable. The Committee's use of the definite article "the" in the phrase "would apply to any case in which a federal law enforcement agent committed *the* tort" could be interpreted as limiting the torts for which the committee felt sovereign immunity would be waived to those previously discussed in the Report: torts committed in the course of a no-knock raid. The more logical interpretation, however, is that the Committee was referring to *intentional* torts, which were discussed in the preceding paragraph.

**2.** The United States does not argue that the allegedly offending employee was not an "investigative or law enforcement officer" under 28 U.S.C. § 2680(h).

**3.** *Bivens v. Six Unknown Fed. Narc. Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), first recognized a cause of action for a violation of certain constitutional rights, irrespective of the lack of a statutory or common law remedy.

446 U.S. at 20, 100 S.Ct. at 1472 (emphasis added).

The plaintiff/respondent in *Carlson* alleged that the defendants kept the prisoner in a correctional institution with inadequate medical facilities against physicians' advice, delayed in rendering medical attention for his asthmatic condition, and rendered such attention negligently, resulting in his death. The complaint contained allegations that defendants/petitioners acted with deliberate indifference, based on racial prejudice, to the prisoner's needs. There was no allegation that any of the acts complained of occurred during the course of a search, seizure, or arrest. The Court thus implicitly assumed that the proviso of Section 2680(h) was not limited to acts committed while the agent is engaged in specified activities.

Finally, other district courts have allowed actions similar to the one at bar. *See Crow v. United States*, 659 F.Supp. 556, 570–71 (D.Kan.1987) (specifically disapproving *Pooler* and holding that § 2680(h) "permits a malicious prosecution claim against the government whenever the claim alleges that an investigative officer, acting in his or her investigative or law enforcement capacity, committed acts constituting malicious prosecution"); *Picariello v. Fenton*, 491 F.Supp. 1026, 1037 (M.D. Pa.1980) (without specifically addressing *Pooler* question, holding that, where government concedes that Federal Bureau of Prisons employees allegedly committing assaults and batteries were acting within scope of employment and were investigative or law enforcement officers, court had jurisdiction to award damages).

Language used by the Fourth Circuit in *Norton v. United States*, 581 F.2d 390, 392–93 (4th Cir.1978), does not demand a different result. At issue there was whether the government could be held liable for intentional torts committed by law enforcement agents where the agents were shielded from individual liability by the good faith defense. The case arose out of the actions of federal law enforcement officers in obtaining entry to and searching an apartment. Noting that the government did not contest the applicability of § 2680(h), the court stated that "[t]he amendment to § 2680(h) is clearly intended to waive the federal government's sovereign-immunity defense in suits brought to redress violations of the fourth amendment committed by federal law enforcement officers." *Id.* at 392–93. This statement was not intended as a ruling limiting § 2680(h) to such situations, however. The court was simply pointing out that the case before it definitely was ruled by the proviso.

The more viable reading of the proviso is that it does not restrict the category of intentional torts for which sovereign immunity is waived to those committed in the course of a search, seizure, or arrest. Plaintiff's claim as set forth in her Complaint, as amended, falls within the proviso. The Government's Motion, therefore, will be denied.