Rae J. PUCCINI, Plaintiff,

v.

UNITED STATES of America, Ed Crosley, Denise Hilliard–Winston, Marvin Lutts, David Helman, and Steven J. Robinson, Defendants.

No. 96 C 2402.

United States District Court, N.D. Illinois, Eastern Division.

June 13, 1997.

Brian R. Holman, Jeffery Mark Friedman, Friedman & Holman, Chicago, IL, for Plaintiff.

James Masciopinto, Sherri Thornton, U.S. Atty.'s Office, Chicago, IL, for Defendants.

## MEMORANDUM AND ORDER

MORAN, Senior District Judge.

Plaintiff, while serving a federal sentence, was arrested on a state charge and went into state custody. She was sentenced on that charge, to be served concurrently with the federal sentence, and finished that sentence before being returned to federal custody. She subsequently filed a petition for a writ of *habeas corpus,* contending, among other things, that she would have been released on bond from state pretrial custody but for federal detainers lodged against her and, during that period, would have returned to federal custody, which would have been credited against her state sentence. We granted the writ, concluding that the burden was on the government to show that the plaintiff could not have obtained release from state pretrial custody even if there had not been any detainers. The government did not appeal, and plaintiff was released.

Subsequently plaintiff brought this action, seeking damages for the 147 days spent in federal custody following the expiration of her state sentence. She sued both state and federal authorities, and we earlier dismissed the state defendants. The federal defendants now move for summary judgment. We grant that motion.

The federal claims are in two counts. Count II alleges a *Bivens* claim that plaintiff was falsely imprisoned in violation of her rights under the Eighth, Fifth and Fourteenth Amendments. Count III, against the United States, rests on the Federal Tort Claims Act.

The individual federal authorities seek judgment on Count II on the basis that they are entitled to qualified immunity on the Eighth Amendment claim, that plaintiff received all the process that was due her under the Fifth Amendment, and that the Fourteenth Amendment is inapplicable. Plaintiff does not dispute the inapplicability of the Fourteenth Amendment, but she contends that those defendants are not entitled to qualified immunity and that her due process rights were violated. We disagree.

■ Plaintiff characterizes the clearly-established right that was violated as the right not to be detained beyond the expiration of her sentence. Defendants characterize the issue as whether or not they reasonably should have known that their manner in calculating the sentence violated clearly-established law. We do not believe, however, that the level of particularity is crucial here. Even if we accept plaintiff's very broad formulation, she would still have to establish that defendants were deliberately indifferent to plaintiff's rights.

Although plaintiff complains that the defendants did not adequately investigate her circumstances, this is not a case where a more thorough investigation would have disclosed facts requiring a recomputation of sentence. Defendants have gone "by the book" right from the start, and plaintiff was informed of the reason for the denial of state time credit. Simply stated, the Bureau of Prisons believed and continues to believe that 18 U.S.C. § 3585 does not permit "double credit"—federal credit for time in state custody that is credited to an unrelated state sentence. A judicial gloss on 18 U.S.C. § 3568 had permitted double credit when a federal detainer was the reason the prisoner was in state rather than federal custody, the state sentence was concurrent, and therefore the prisoner would have received credit toward his state sentence during either federal or state custody. We concluded in the *habeas corpus* ruling that the same judicial gloss carried over into § 3585.

That conclusion was not, however, self-evident, and *dictum* in *United States v. Wilson*, 503 U.S. 329, 337, 112 S.Ct. 1351, 1355–56, 117 L.Ed.2d 593 (1992), suggests the contrary. *See also United States v. Killion*, 788 F.Supp. 1165, 1168 (D.Kan.1992), *aff'd* 7 F.3d 927 (10th Cir.1993), cert. denied, 510 U.S. 1133, 114 S.Ct. 1106, 127 L.Ed.2d 418 (1994). It was not and is not clearly established that plaintiff was entitled to the credit, and the defendants were not deliberately indifferent to plaintiff's rights in refusing to grant that credit.

■ The due process claim also fails. *Toney–El v. Franzen*, 777 F.2d 1224 (7th Cir. 1985), *cert. denied*, 476 U.S. 1178, 106 S.Ct. 2909, 90 L.Ed.2d 994 (1986). Plaintiff could informally challenge her sentence calculation, and she did. The Bureau responded, stating its contrary position. She could have then initiated a formal challenge. She did not do so (and clearly it would have been futile). Instead, she filed her petition and she was granted relief. She received, and benefited from, due process, and the Fifth Amendment does not provide a basis for further relief.

■ Finally, because plaintiff's claim is essentially one for false imprisonment, her Federal Tort Claims Act also fails. The Act expressly excepts claims "arising out of" false imprisonment unless they relate to the conduct of "investigative or law enforcement officers of the United States Government...." 28 U.S.C. § 2680(h). Recasting the claim as one for negligence is unavailing. *United States v. Shearer*, 473 U.S. 52, 55, 105 S.Ct. 3039, 3041–42, 87 L.Ed.2d 38 (1985); *Lambertson v. United States*, 528 F.2d 441, 443 (2d Cir.), *cert. denied*, 426 U.S. 921, 96 S.Ct. 2627, 49 L.Ed.2d 374 (1976). And the conduct complained of was that of persons acting as prison administrators, not investigative or law enforcement officers. *See Employers Insurance of Wausau v. United States*, 815 F.Supp. 255, 259–60 (N.D.Ill. 1993).