Reversed and remanded by published opinion. Judge FLOYD wrote the opinion, in which Judge SHEDD and Judge DIAZ joined. Judge DIAZ wrote a separate concurring opinion.
OPINION
FLOYD, Circuit Judge:
Kevin Lane, a Pentagon police officer, allegedly assaulted Nicholas Ignacio, a contract security officer assigned to the Pentagon, while they were stationed at a security checkpoint for Pentagon employees. Ignacio sued the United States for assault under the Federal Tort Claims Act (FTCA). The district court granted summary judgment to the United States, holding that because Lane was not “engaged in investigative or law enforcement activities” when he allegedly assaulted Ignacio, the United States retained sovereign immunity from his claims. Ignacio now appeals.
We hold that 28 U.S.C. § 2680(h) waives the United States’ sovereign immunity regardless of whether an officer is engaged in an investigative or law enforcement activity when he commits an assault. Accordingly, we reverse and remand for further proceedings.
I.
A.
The FTCA “waive[s] the sovereign immunity of the United States for certain torts committed by federal employees.” FDIC v. Meyer, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). Of particular relevance here is (1) the Act’s intentional torts exception, which retains the United States’ immunity in cases involving “[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights,” 28 U.S.C. § 2680(h), and (2) an exception to the intentional torts exception, commonly known as “the law enforcement proviso,” which preserves the waiver of immunity when certain named intentional torts are “acts or omissions of investigative or law enforcement officers of the United States Government.” * Id.
*254 B.
On December 2, 2009, while stationed at a security checkpoint for Pentagon employees, Lane and Ignacio had a disagreement over the caliber of an M-16 round. Initially, their disagreement led only to a bet. It escalated, however, on December 15, when they were again stationed at a security checkpoint for Pentagon employees. Lane allegedly told Ignacio that he would “hurt him after work” and then pretended to punch him in the face. As a result, Lane’s superior suspended him for ten days.
Ignacio subsequently sued the United States under the FTCA for assault. The United States moved for summary judgment, arguing that the FTCA’s waiver of sovereign immunity did not apply because Lane’s assault did not occur (1) within the scope of his employment or (2) within the course of law enforcement activity.
The district court granted the government’s motion. Concluding that issues of fact existed regarding whether Lane acted within the scope of his employment under Virginia law, the district court declined to grant summary judgment on that basis. Instead, it held that the law enforcement proviso waives immunity only when a law enforcement officer commits a specified tort while “engaged in investigative or law enforcement activities.” Accordingly, it dismissed Ignacio’s claims because it found as a matter of law that Lane was not engaged in investigative or law enforcement activities during the assault. On appeal, Ignacio argues that the law enforcement proviso waives immunity whenever a law enforcement officer acting within the scope of his employment commits an intentional tort and that the district court erred in requiring that the officer commit the tort in the course of an investigative or law enforcement activity. We agree.
II.
We review questions of statutory-interpretation de novo. United States v. Ide, 624 F.3d 666, 668 (4th Cir.2010). “The starting point for any issue of statutory interpretation ... is the language of the statute itself.” United States v. Bly, 510 F.3d 453, 460 (4th Cir.2007). “In that regard, we must first determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute ... and our inquiry must cease if the statutory language is unambiguous and the statutory scheme is coherent and consistent.” Id. (omission in original) (quoting United States v. Hayes, 482 F.3d 749, 752 (4th Cir.2007), rev’d on other grounds, 555 U.S. 415, 129 S.Ct. 1079, 172 L.Ed.2d 816 (2009)) (internal quotation marks omitted). “We determine the ‘plainness or ambiguity of statutory language ... by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole.’ ” United States v. Thompson-Riviere, 561 F.3d 345, 354-55 (4th Cir.2009) (omission in original) (quoting Robinson v. Shell Oil Co., 519 U.S. 337, 341, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997)).
The portion of the FTCA pertinent to this case reads as follows:
The provisions of this chapter [that waive sovereign immunity] and section 1346(b) shall not apply to—
... Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: Provided, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chap *255 ter and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution.
28 U.S.C. § 2680(h).
The plain language of the law enforcement proviso stipulates two conditions for its application: (1) an individual fitting the definition of an “investigative or law enforcement officer” must commit an intentional tort, and (2) the claim must arise “out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution.” See Harris v. United States, 677 F.Supp. 403, 405 (W.D.N.C.1988). Notably absent is language requiring an officer to commit the tort in the course of an investigative or law enforcement activity or, for that matter, any language regarding the context in which an officer must commit the tort. Id.
“[Cjourts must construe statutes as written, [and] not add words of their own choosing,” Barbour v. Int’l Union, 640 F.3d 599, 623 (4th Cir.2011) (en banc) (Agee, J., concurring in the judgment); see also United States v. Deluxe Cleaners & Laundry, Inc., 511 F.2d 926, 929 (4th Cir.1975) (“[W]e do not think it permissible to construe a statute on the basis of a mere surmise as to what the Legislature intended and to assume that it was only by inadvertence that it failed to state something other than what it plainly stated.” (quoting Vroon v. Templin, 278 F.2d 345, 348-49 (4th Cir.1960)) (internal quotation marks omitted)). Accordingly, we decline to import a requirement that an officer commit the tort in the course of an investigative or law enforcement activity and hold instead that the law enforcement proviso waives immunity whenever the two conditions specified by the plain language are satisfied.
We hasten to note that the proviso does not relax the FTCA’s jurisdictional mandate requiring that torts be committed within the scope of employment, nor does it alter the FTCA’s reliance on applicable state law, which also generally includes a scope of employment requirement, as the basis for defining an underlying cause of action. See 28 U.S.C. § 1346(b)(1); Kerns v. United States, 585 F.3d 187, 194-95 (4th Cir.2009). Rather, the proviso declares that “the provisions of [Chapter 171] and section 1346(b) ... shall apply” when any one of six named torts is committed by an investigative or law enforcement officer. § 2680(h). We are confident that had Congress intended to impose an additional hurdle for litigants bringing claims against the United States for torts committed by its investigative and law enforcement officers, it would have explicitly stated as much.
We recognize that district courts and some of our sister circuits have imported an additional bar based on analyses of the proviso’s legislative history and concerns that disparate treatment of federal employees may result if the proviso applies too broadly. See, e.g., Orsay v. U.S. Dep’t of Justice, 289 F.3d 1125, 1133-35 (9th Cir.2002); Pooler v. United States, 787 F.2d 868, 871-72 (3d Cir.1986); Murphy v. United States, 121 F.Supp.2d 21, 24-25 (D.D.C.2000); Emp’rs Ins. of Wausau v. United States, 815 F.Supp. 255, 257-60 (N.D.Ill.1993). Nevertheless, we note that these courts relented to secondary modes of interpretation without first establishing the ambiguity of the statutory text. Where, as here, the text of the statute is unambiguous, we should not engage in an analysis of legislative history to find ambiguity. Conn. Nat’l Bank v. Germain, 503 U.S. 249, 253-54, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992) (“We have stated time and again that courts must presume that a *256 legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon is also the last: ‘judicial inquiry is complete.’ ” (citations omitted) (quoting Rubin v. United States, 449 U.S. 424, 430, 101 S.Ct. 698, 66 L.Ed.2d 633 (1981))). Accordingly, we hold that 28 U.S.C. § 2680(h) waives immunity whenever an investigative or law enforcement officer commits one of the specified intentional torts, regardless of whether the officer is engaged in investigative or law enforcement activity.
III.
Because the district court determined that issues of fact exist regarding whether Lane acted within the scope of his employment under Virginia law, and because the parties did not raise the scope of employment issue in their briefs, we decline to discuss it here.
For the foregoing reasons, we reverse the district court’s grant of summary judgment and remand the case for further proceedings.

REVERSED AND REMANDED

 "For the purpose of [§ 2680(h) ], 'investigative or law enforcement officer’ means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.” 28 U.S.C. § 2680(h). Here, the parties do not dispute that Lane qualifies as an "investigative or law enforcement officer.”