**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 11-4461**

―――――――――

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

SHIRLENE REESE BOONE,

             Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (2:10-cr-00054-F-1)

―――――――――

Submitted:  March 27, 2012          Decided:  April 23, 2012

―――――――――

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

M. Gordon Widenhouse, Jr., RUDOLF WIDENHOUSE & FIALKO, Chapel Hill, North Carolina; Keith A. Williams, LAW OFFICES OF KEITH A. WILLIAMS, P.A., Greenville, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to her written plea agreement, Shirlene Reese Boone pled guilty to conspiracy to commit offenses against the United States, to wit: health care and mail fraud, in violation of 18 U.S.C. § 371 (2006) ("Count One"); aggravated identity theft and aiding and abetting, in violation of 18 U.S.C. §§ 1028A, 2 (2006) ("Count Two"); and failure to collect and pay over payroll taxes and aiding and abetting, in violation of 26 U.S.C. §§ 7202, 2 ("Count Three") (2006). The district court sentenced Boone to 144 months of imprisonment, consisting of 60 months on Counts One and Three and 44 months on Count Two, all to be served consecutively. This appeal timely followed.

Boone first asserts there was an insufficient factual basis to support her guilty plea to aggravated identity theft because she was not convicted under one of the statutory sections or chapters enumerated in 18 U.S.C. § 1028A(c). Thus, Boone contends, the district court committed plain error in accepting the guilty plea to Count Two. Boone next argues her attorney was ineffective during the sentencing phase because he failed to object, pursuant to United States v. Llamas, 599 F.3d 381 (4th Cir. 2010), to the two sentencing enhancements predicated on the vulnerability of the victims of Boone's fraud. Claiming that counsel's ineffectiveness is evident on the face of the record, Boone asks this court to vacate her sentence and

2

to remand for resentencing. For the reasons that follow, we reject these contentions and affirm.

Boone pled guilty to knowingly possessing and using, without lawful authority, a means of identification of another person, during and in relation to the commission of health care fraud, in violation of 18 U.S.C.A. § 1347 (West 2000 and Supp. 2011). On appeal, Boone contends that the aggravated identity theft statute, 18 U.S.C. § 1028A, requires that "a defendant must be <u>convicted</u> of the predicate felony during which the identification was used before section 1028A is triggered." (Appellant's Br. at 7) (emphasis added). Because she was convicted of violating 18 U.S.C. § 371, which is not enumerated in 18 U.S.C. § 1028A(c), Boone contends there was an insufficient factual basis for her guilty plea.

Boone's argument, however, is contrary to the plain wording of the statute. Subsection (a) discusses only a "felony violation" of any of the enumerated provisions in subsection (c). 18 U.S.C. § 1028A(a). Subsection (c), in turn, defines a "felony violation enumerated in subsection (c)" to mean "any <u>offense</u> that is a felony <u>violation</u> of" the enumerated statutory sections and chapters. 18 U.S.C. § 1028A(c) (emphasis added). Because the statutory text does not support Boone's contention that there must be a conviction on the predicate felony offense, we must reject this argument. See <u>Conn. Nat'l Bank v. Germain</u>,

3

503 U.S. 249, 253–54 (1992) (reiterating the judicial canon that "courts must presume that a legislature says in a statute what it means and means in a statute what it says there"); Ignacio v. United States, __ F.3d. __, 2012 WL 887594, at *5 (4th Cir. Mar. 16, 2012) ("[A]bsent an ambiguity in the words of a statute, our analysis begins and ends with the statute's plain language."). We thus conclude there was no error, let alone plain error,[1] in the district court's accepting Boone's guilty plea to Count Two.[2]

Boone next contends her sentence should be vacated because counsel rendered constitutionally deficient assistance prior to and during sentencing. Specifically, Boone claims

---

[1] Even if we were to conclude there was error, that error cannot be considered "plain" in the absence of any controlling contrary Fourth Circuit or Supreme Court authority. See United States v. Maxwell, 285 F.3d 336, 341-42 (4th Cir. 2002). In fact, there is a dearth of precedential support for Boone's argument. Although Boone relies on United States v. Luke, 628 F.3d 114 (4th Cir. 2010), the Luke court did not rule that the "during and in relation to any felony violation" clause mandates a conviction on the predicate felony offense. Cf. Luke, 628 F.3d at 123. The "felony violation" here was the offense of health care fraud, which is encompassed by § 1028A(c)(1). See United States v. Abdelshafi, 592 F.3d 602, 607 (4th Cir. 2010) ("[C]onvictions for health care fraud qualif[y] as predicate felony offenses under 18 U.S.C. § 1028A(c)(1).").

[2] This analysis renders moot Boone's related contention that the predicate conviction must be a "substantive offense of conviction, not merely the object of a general conspiracy charge." (Appellant's Br. at 10) (relying on United States v. Phan, 121 F.3d 149, 152-53 (4th Cir. 1997)).

4

counsel should have objected to the two enhancements based on the vulnerable victims of the fraud, because the presentence report ("PSR") lacked particularized findings regarding the victims' unusual vulnerability and Boone's knowledge thereof.

Central to Boone's argument is this court's decision in Llamas, where we held that, to apply the vulnerable victim enhancement under U.S. Sentencing Guidelines Manual ("USSG") § 3A1.1(b)(1), the "sentencing court must determine that a victim was unusually vulnerable. . . . [and] then assess whether the defendant knew or should have known of such unusual vulnerability." 599 F.3d at 388. This court accepted the proposition that, for the enhancement to apply, the sentencing court must offer "'a fact-based explanation of why advanced age or some other characteristic made one or more victims unusually vulnerable to the offense conduct.'" Llamas, 599 F.3d at 388 (quoting United States v. Vega-Iturrino, 565 F.3d 430, 434 (8th Cir. 2009)). Boone maintains that counsel's failure to object based on Llamas amounts to per se deficient performance, because the specific facts necessary to support the enhancement were absent from the PSR and the court made no such factual findings at sentencing. Furthermore, the omission was prejudicial to Boone because the enhancements resulted in two two-level increases to her adjusted offense level and the elevated

Guidelines range, in turn, triggered the use of USSG § 5G1.2(d) to impose consecutive sentences.

Boone aptly acknowledges that claims of ineffective assistance of counsel generally are not cognizable on direct appeal unless the record conclusively establishes counsel's "objectively unreasonable performance" and resulting prejudice. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, ineffective assistance of counsel claims are most appropriately pursued in a motion under 28 U.S.C.A. § 2255 (West Supp. 2011) to allow for adequate development of the record. See United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). The record here does not conclusively establish that counsel's failure to assert the objection amounts to deficient performance, i.e., "performance . . . 'below an objective standard of reasonableness' measured by 'prevailing professional norms.'" United States v. Higgs, 663 F.3d 726, 735 (4th Cir. 2011) (quoting Strickland v. Washington, 466 U.S. 668, 688 (1984)). Given the opportunity in a § 2255 proceeding, counsel may provide a sound and reasonable explanation for not making the Llamas objection that is not readily discernible from the record in its present form. We therefore decline to consider Boone's ineffective assistance of counsel claim at this juncture.

For these reasons, we affirm the district court's judgment. Further, we deny Boone's motion for oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED