GREGORY, Circuit Judge,
concurring in part, dissenting in part, and concurring in the judgment:
I concur in the majority’s disposition of the case and in Parts I through V. I cannot, however, join Part VI. The majority’s opinion prematurely and erroneously holds that the district court must allocate some specific amount of the proximately caused losses to the defendant. For that reason, I respectfully dissent from Part VI.
I.
I agree with most of the majority’s reasoning. I join fully in Parts I through V and further agree with the holding in Part VI that 18 U.S.C. § 2259(b)(1) requires a defendant to pay only the losses he proximately caused. But the majority does not stop there; it goes on to consider the way in which losses that are proximately caused by more than one offender should be allocated. It holds that in such cases, the losses must be apportioned among those offenders, rather than permitting the victim to hold all of them jointly and severally liable. The majority writes, “The primary difficulty that will face the district court on remand will be the determination, if the court finds that proximate causation has been established, of the quantum of loss attributable to Burgess for his partie *461 ipation in Vicky’s exploitation.” Ante at 460 (emphasis added). I disagree with this holding for several reasons.
I first note that the district court has yet to make any findings with respect to proximate cause. That is, at this stage of the litigation we do not know whether Burgess proximately caused any of Vicky’s injuries at all. The district court might find on remand that at least some of Vicky’s injuries were caused by Burgess; or it might not. The majority puts the cart before the horse when it determines the manner in which Vicky’s proximately caused losses must be allocated without any factual finding of proximate cause in the record.
Second, to the extent this Court deems it wise to consider how the proximately caused losses, if any, should be allocated, it incorrectly holds that those losses must be distributed among several offenders. This position is at odds with § 2259’s plain language. Section 2259(b)(1) says that the district court shall “direct the defendant to pay the victim ... the full amount of the victim’s losses.” 18 U.S.C. § 2259(b)(1) (emphasis added). Thus, the statute clearly requires the court to order Burgess to pay all of the losses he proximately caused, rather than some “quantum of loss attributable to [him].” As we have held, if the language of a statute is clear, we must end our inquiry and adopt that meaning. E.g., Ignacio v. United States, 674 F.3d 252, 254 (4th Cir.2012); United States v. Abdelshafi, 592 F.3d 602, 607 (4th Cir.2010).
Third, this interpretation implicitly makes factual findings that must be left to the district court in the first instance. The common law holds joint tortfeasors jointly and severally liable for indivisible damages. E.g., ToRT Law: Responsibilities and Redress 517 (John C.P. Goldberg et ah, eds. 2008) (“[JJoint and several liability has long been available ... in which two negligent actors, acting independently of one another, caused a single indivisible harm to the plaintiff....”). As the majority recognizes, “Congress is ‘presumed to have legislated against the background of our traditional legal concepts,’ and, absent language signaling a departure, those concepts ought to be employed.” Ante at 457. Thus the restitution question is resolved by asking whether Burgess proximately caused Vicky harm. Assuming that he did, the court must then consider whether those injuries are divisible from the injuries caused by the other offenders who also proximately harmed Vicky. If they are indivisible, then Burgess must be held jointly and severally liable for those injuries.
In my view, it is likely that if Burgess proximately caused Vicky psychological injury, this injury is indivisible from the psychological injuries proximately caused by the other offenders. I do not believe that a fact finder could meaningfully say precisely x amount of Vicky’s psychological injuries were caused by Burgess’s watching the video, that y amount was caused by Defendant # 2’s watching the same video, and so on. But whether my intuition proves to be correct, the district court has not made any factual findings on this question. That is, the district court never determined whether the injuries caused by the defendant are divisible. The majority, rather than remanding the case to the district court to consider this highly factual question, holds as a matter of law that the injuries Burgess allegedly caused are divisible, and that the district court must determine “the quantum of loss attributable to Burgess.”
II.
The majority’s discussion of joint and several liability does not allay my concerns. In deciding whether to adopt a *462 proximate cause limitation on restitution, the majority considers Vicky’s argument that “applying a proximate causation limitation to the restitution statute would circumvent the express statutory command that a defendant pay the victim ‘the full amount of the victim’s losses.’ ” Ante at 458. The majority’s response is to argue that such an interpretation
necessarily would lead to a system supporting multiple recovery. While full compensation would be unlikely from any individual defendant, Vicky’s proposed interpretation of the restitution statute places no cap on her ultimate recovery, and would allow her to recover the amount of her losses many times over.
Id. at 458. This analysis misses the mark for two reasons. First, it incorrectly interprets joint and several liability. While joint and several liability gives the plaintiff the option of collecting from any defendant she chooses, she may not recover more than her total loss: once she collects the full amount of her losses from one defendant, she can no longer recover from any other. See Tort Law, supra at 517. Second, the argument conflates proximate causation with the allocation of losses. The question of whether a defendant proximately caused some injury is entirely separate from the question of how those proximately caused losses should be allocated among several offenders. Even if this Court adopted Vicky’s reasoning and held that Burgess must pay restitution for the losses he caused (whether proximately or not), it would still have to determine how those losses should be allocated in cases where more than one offender caused them.
III.
The majority’s treatment of the restitution order is at odds with the plain language of the statute and implicitly makes factual findings better left to the district court. For these reasons, I would hold that Burgess is responsible both for the injuries he proximately caused and for any injuries indivisible from those that he proximately caused. I would then remand the case to the district court to make the relevant factual findings.